DANIEL EGGLESTON, APPELLANT, V. SAMUEL POLLOCK
ET AL., APPELLEES.

FILED NOVEMBER 8, 1893.   No. 5003.

Deeds: ESCROW: DELIVERY BEFORE COMPLIANCE WITH CONDI-
   TIONS: EVIDENCE OF AUTHORITY: REVIEW. The finding of
   the trial court that the deed executed by the plaintiff and de-
   posited in escrow with a third person, to be delivered to the
   vendee on the performance by the latter of certain conditions,
   was delivered by the depository in escrow by instructions of the
   vendor before the conditions of the holding had been complied
   with, considered to be sustained by the evidence in the case.

APPEAL from the district court of Platte county.   Heard
below before MARSHALL, J.

   *C. A. Woosley, Higgins & Garlow,* and *M. Whitmoyer,*
for appellant.

   *Sullivan & Reeder* and *I. L. Albert, contra.*

NORVAL, J.

This action was brought by appellant to set aside and
cancel certain deeds covering lots 5 and 6, in block 95,
known as the "Lindell hotel property," situated in the city
of Columbus, and to quiet the title to said real estate in
the plaintiff.   From a decree in favor of defendants,
plaintiff appeals.

But a single question is presented, which is one of fact,
and that is, did the plaintiff authorize the delivery of his

deed to Samuel Pollock to the property in controversy? It is undisputed that on and prior to October 31, 1890, plaintiff was the owner of the property in controversy, and against which were incumbrances aggregating about $2,300. Samuel Pollock at the same time was the owner of a quarter section of land in Holt county, Nebraska, and a like quantity of real estate situated in Kingman county, Kansas. The lien upon the two tracts, including taxes, amounted to more than $2,100. Negotiations were entered into between plaintiff and Samuel Pollock for the exchange of their said properties, and on the said 31st day of October an agreement therefor was entered into between them, by the terms of which plaintiff was to execute a deed to the said hotel property, conveying the same to Pollock subject to incumbrances, and said Pollock was to execute a warranty deed for the said lands in Holt and Kingman counties conveying the same to Eggleston, subject to these mortgages and taxes, which Pollock represented did not exceed $2,100, and which plaintiff agreed to assume and pay. As the deeds were made and executed in accordance with the contract, it was also stipulated by the parties that said deeds should be left with one P. W. Henrich, in escrow, until said Pollock should furnish abstracts of title showing a perfect chain of title in himself to the said two quarter sections of land, and that the total incumbrances thereon were not more than $2,100, and, upon such abstracts being furnished, the deeds were to be delivered to the respective parties. The conveyances were so deposited with Henrich on the date above stated, and on November 4, 1890, the deed to the hotel property was turned over by him to Pollock and placed on record. A few days thereafter the deeds to the Holt and Kingman county lands were likewise recorded. It further appears that Samuel Pollock conveyed the lots in Columbus to John G. Pollock, who together with his wife executed and delivered to one C. J. McCoy a warranty deed to said premises.

The contention of appellant is, and that is the substance of his testimony in the court below, that said Henrich, without plaintiff's knowledge or consent, and before the conditions under which the deeds were held by him had been complied with, delivered the deed to the hotel property to Samuel Pollock. It is well settled that when a deed is wrongfully delivered by an escrow to the grantee, without the knowledge or consent of the grantor and without compliance with the stipulated conditions on the part of the grantee to be performed, no title passes to the latter, and if plaintiff's testimony stood alone there would be no room for doubt that he would be entitled to the relief demanded. But there is in the record testimony which justified the trial judge in finding that plaintiff authorized the delivery of his deed to the property in dispute. P. W. Henrich testified positively and without equivocation that within a week after the deeds were placed in his hands plaintiff called upon witness, and instructed him to deliver the deed to the hotel property at any time to the grantee, and to place the other two deeds upon record, all of which witness did as directed. Appellant denied under oath that he ever authorized the delivery of the deed executed by him, but Henrich is corroborated by other testimony found in the record. C. J. McCoy testified that about the 8th or 9th of November, 1890, he informed plaintiff that he was about to trade with Pollock for the Lindell hotel property, to which Eggleston neither made any objection nor claimed any interest in the property, but stated to witness that " I traded the hotel off to an old fellow by the name of Pollock, and I guess the old fellow has got it onto me, but if he has I will have to stand by it." McCoy further testified that after the transfer of the property to him plaintiff went with him to the agent of the insurance company for the purpose of having the policies transferred to McCoy. We are persuaded that the plaintiff authorized the delivery of the deed, at least that the finding of the trial court is

not so clearly against the weight of the evidence as to justify a reversal.    The judgment must be

AFFIRMED.